OPINION
Defendant-appellant Anthony Hosfield, appeals the October 15, 1998 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, overruling his objections to the magistrate's decision of September 22, 1998. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE
Appellant's was charged in the juvenile court system with grand theft, a fourth degree felony if committed by an adult. Appellant admitted to the charge by pleading true on August 18, 1997. Accordingly, the trial court found appellant delinquent, placed him on probation, and indefinitely committed him to the custody of the Ohio Department of Youth Services. The commitment was for a minimum period of six months. The commitment was stayed on three conditions: appellant was not to violate any court order, his probation, or any law. No term of probation was specified, however, on February 3, 1998, the trial court released appellant from probation On September 22, 1998, appellant was back before the juvenile court on two new charges: possession of marijuana, and use or possession of drug paraphernalia. Appellant plead true to both charges. In a decision filed September 23, 1998, the magistrate rescinded the stay on the commitment from the grand theft case, and committed appellant to the Ohio Department of Youth Services for a minimum period of six months. Appellant filed his objections to the magistrate's decision arguing the magistrate improperly revoked the stay. The trial court overruled appellant's objections in a October 15, 1998 Judgement Entry. It is from this Judgment Entry appellant prosecutes his appeal, assigning the following error:
 THE TRIAL COURT DID NOT HAVE SUBJECT MATTER JURISDICTION TO REVOKE A CHILD'S PROBATION AFTER THAT PROBATION HAS ENDED. THE JURISDICTION OF THE JUVENILE COURT TO IMPOSE DISPOSITIONAL ORDERS COMES TO AN END WHEN THE PROBATION ENDS.
 I
In his sole assignment of error, appellant argues the trial court did not have subject matter jurisdiction to revoke appellant's probation after the probation had ended. Appellant contends when he was released from probation on February 3, 1998, he was also released from the conditions surrounding the stay of the commitment. In support of this proposition, appellant cites cases involving the adult justice system and urges this Court to find the authority analogous to the juvenile system. The juvenile court has exclusive original jurisdiction under the Revised Code concerning children who are alleged to be delinquent, or who have been placed under arrest. R.C. 2151.23(A)(1), (A)(8);2151.31(A)(2). The disposition of a delinquent child is provided for in R.C. 2151.355, which provides in pertinent part: (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
* * * (2) Place the child on probation under any conditions that the court prescribes * * * [;]
(3) Commit the child to the temporary custody of any school, camp, institution, or other facility operated for the care of delinquent children by the county, by a district organized under section2151.34 or 2151.65 of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required;
(4) If the child is adjudicated a delinquent child for committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for violating division (A) of section 2923.211 [2923.21.1] of the Revised Code, commit the child to the legal custody of the department of youth services for institutionalization for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age;
 (Emphasis added).
The statute does not limit the court's disposition of a delinquent child. Instead, the statute specifically authorizes the court to make any of the orders listed. In the matter sub judice, the trial court ordered both a term of probation and a commitment to the Department of Youth Services. After the trial court terminated the probation, appellant was no longer required to report to his probation officer and abide by the rules and regulations of the probation department. That did not, however, relieve him of his obligation to comply with the two remaining conditions of the stay; i.e., not to violate any court order or any law. The stay was not lifted because appellant violated his probation; it was lifted because he subsequently violated the law. Accordingly, we find the trial court did not err in its order to lift the stay and impose the period of commitment.
The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By:
Hoffman, P.J. Farmer, J. and Reader, V.J., concur.